IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |  |
|---|---|---|
| CARTARVIS A. JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-044 |
| | ) | |
| DR. CHENEY; CAPTAIN JIMMY KELLOM; LT. BRUNCH; KENDRIC JACKSON; WARDEN RICKY WILCOX; WARDEN MCFARLAND ANDREW; WARDEN KEITH; COMMISSIONER TYRONE OLIVER; OFFICER TILLMAN; AHMAD HOLT; and MICHAEL STANTON SHEPARD, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING THE COMPLAINT**

  A.  **BACKGROUND**

In his complaint, Plaintiff names the following Defendants in both their individual and official capacities: (1) Captain Jimmy Kellom, (2) Lt. Brunch, (3) Officer Tillman, (4) Warden

of Security Kendric Jackson, (5) Warden Ricky Wilcox, (6) Head Warden McFarland Andrew, (7) Warden of Care and Treatment Keith, (8) Commissioner Tyrone Oliver, (9) Assistant Commissioner of Facilities Division Ahmad Holt, (10) Doctor Cheney, and (11) Director of Field Operations Michael Stanton Shepard. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Defendants Oliver, Holt, and Shepard are responsible for the housing and transfers of all prisoners within the Georgia Department of Corrections ("GDC"). (Id. at 6.) Despite Plaintiff's special medical designation as a chronic heart patient, Defendants Oliver, Holt, and Shepard housed Plaintiff at the worst institutions in Georgia because he is labeled a "security threat individual." (Id. at 5.) This violates GDC's standard operating procedures, which state medical needs prevail over security designations in housing assignment determinations. (Id.) Nonetheless, on May 1, 2024, Plaintiff was transferred from Valdosta State Prison, which provides twenty-four-hour medical services, to TSP, which does not. (Id.)

Due to his heart condition, Plaintiff must see a cardiologist four times per year, but he has not seen a cardiologist since his transfer to TSP. (Id.) Moreover, Defendant Cheney, a doctor at TSP, has failed to give Plaintiff the medical treatment that he requires, failed to renew Plaintiff's medications, and has stated Plaintiff's conditions do not warrant twenty-four-hour healthcare access despite the fact Plaintiff has been a chronic heart patient for two years. (Id. at 6.) Consequently, Plaintiff has gone weeks at a time without certain key medications. (Id.)

Due to the lack of airflow in the prisoner dorms at TSP, Plaintiff has suffered from symptoms of hypoxia, including chest pains and shortness of breath, when no medical staff are

available. (Id. at 5.) Plaintiff previously experienced similar situations under Wardens McFarland and Jackson's supervision in the past. (Id.)

On May 24, 2024, sometime between 2:00 to 5:00 p.m., Defendants Kellom, Brunch, and Tillman placed Plaintiff against a fence, and Defendant Kellom placed a taser on Plaintiff's chest. (Id. at 6.) Plaintiff informed Defendant Kellom of his heart condition, and Defendant Kellom retorted, "I don't care, I've tased people in wheelchairs," and continued to shove the taser into Plaintiff's chest. (Id.) This incident was referred to the GDC criminal investigation division, but the division took no action. (Id.)

For relief, Plaintiff seeks injunctive measures concerning his healthcare and monetary damages. (Id. at 7.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Wilcox, Keith, McFarland, and Jackson

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Warden Ricky Wilcox and

4

Warden of Care and Treatment Keith in the caption of his complaint, Plaintiff does not mention these defendants anywhere in the statement of his claim nor does he make any allegations associating Defendants Wilcox or Keith with any purported constitutional violations. (See generally doc. no. 1-1.) Similarly, Plaintiff names Defendants Warden of Security Kendric Jackson and Head Warden McFarland Andrew in the caption, but only mentions them in the statement of his claim when explaining he is currently experiencing poor ventilation in the dorms at TSP and "this situation has come up before" when he has previously been under Defendants McFarland and Jackson's supervision in the past. (Id.) Although Plaintiff names Defendants McFarland and Jackson in his statement of claim, Plaintiff does not provide any factual information about the alleged acts or omissions of these Defendants, nor does he "state with some minimal particularity how overt acts of [Defendants] caused a legal wrong." See Douglas, 535 F.3d at 1321-22. Dismissal of Defendants Wilcox, Keith, McFarland, and Jackson is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

Moreover, Plaintiff cannot hold Defendants Wilcox, Keith, McFarland, and Jackson liable by virtue of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants Wilcox, Keith, McFarland, and Jackson liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between each individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff appears to name Defendants Wilcox, Keith, McFarland, and Jackson as Defendants not because of their direct involvement in the events about which he complains, but by virtue of their supervisory positions. Nowhere does Plaintiff allege either of these three Defendants were present for, or participated in, any of the alleged constitutional violations described in Plaintiff's complaint. (See generally doc. no. 1.)

Therefore, Plaintiff must allege a causal connection between Defendants Wilcox, Keith, McFarland, and Jackson and an asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671

6

(emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegations do not provide the causal connection necessary to hold Defendants Wilcox, Keith, McFarland, and Jackson liable.  Plaintiff has not alleged (1) a history of widespread abuse regarding improper treatment of inmates at TSP, (2) an improper custom or policy put in place by Defendants regarding medical treatment of inmates, use of force, or housing assignments, or (3) an inference Defendants directed prison employees to act, or knew they would act, unlawfully.  Indeed, as already explained above, Plaintiff does not mention Defendants Wilcox or Keith in his statement of the claim and only cursorily mentions Defendants McFarland, and Jackson.

Accordingly, Plaintiff has not shown Defendants , McFarland, and Jackson actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.  Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendants Wilcox, Keith, McFarland, and Jackson.

        **3.**    **Plaintiff Fails to State a Claim Against Defendants Kellom, Brunch, and Tillman**

Although Plaintiff alleges Kellom, Brunch, and Tillman placed Plaintiff against a fence and Defendant Kellom shoved a taser into Plaintiff's chest while threatening to tase him despite Plaintiff's heart condition, he fails to state an excessive force claim for this incident because he does not allege sufficient detail to explain the circumstances surrounding these events.  (See doc. no. 1, pp. 5-6.)  The "core judicial inquiry" for excessive force claims is

"whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Here, Plaintiff provides no information about the underlying circumstances for the incident, such as why these Defendants placed him against the fence to begin with, whether he was resisting, whether Defendants Kellom, Brunch, and Tillman used more force than necessary under the circumstances, whether he was actually tased by Defendant Kellom or otherwise harmed, or any other relevant inquiry. Rather, he alleges Defendant Kellom pushed the taser into Plaintiff's chest and threatened to tase him without providing any other factual detail. (Doc. no. 1, pp. 5-6); see also Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) ("An inmate who complains of a 'push or shove' that causes no discernable injury almost certainly fails to state a valid excessive force claim." (quoting Hudson, 503 U.S. at 9)). Thus, Plaintiff's references to this May 24, 2024 incident fail to state a claim for excessive force because they are too vague and conclusory. See Rene v. Prock, No. 3:23-CV-127, 2023 WL 2527047, at *2 (M.D. Fla. Mar. 15, 2023) (dismissing excessive force claim where "[p]laintiff [did] not explain the circumstances of the incident at all"); White v. Pratt, No. 3:23-CV-24634, 2024 WL 994237, at *2 (N.D. Fla. Feb. 5, 2024) ("The bare-bones allegations that [defendant] 'slammed' [p]laintiff onto the floor, without any further description, is too vague and conclusory to state an excessive force claim."), *adopted by* 2024 WL 988426 (N.D. Fla. Mar. 7, 2024); Pierre v. Kolodzeij, No. 3:20-CV-4786, 2020 WL 3871491, at *7 (N.D. Fla. June 9, 2020) (dismissing excessive force claim where plaintiff "referenc[ed] an incident involving [defendants]" but "provide[d] no details concerning the use of force" such as "what occurred, why force was used, what force was used, or how it was excessive, or how he was injured"), *adopted by* 2020 WL 3871454 (N.D. Fla. July 8, 2020). In sum, to the extent Plaintiff brings excessive force

8

claims against Defendants Kellom, Brunch, and Tillman for their conduct during May 24, 2024 incident, these claims fail to meet minimum pleading requirements for the above-described reasons and should be dismissed.

Plaintiff also fails to state a claim against Defendant Kellom solely for Defendant Kellom's threatening remarks. It is well-settled that verbal abuse, without more, does not state a claim under § 1983. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (*per curiam*) ("[The plaintiff's] allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim."); Thomas v. Savannah News Press Co., No. CV 487-307, 1987 WL 113751, at *2-4 (S.D. Ga. Dec. 3, 1987) (Edenfield, J.) (finding no § 1983 claim based on verbal abuse and threats). Accordingly, absent an allegation Defendant Kellom actually tased Plaintiff after threatening to do so despite his heart condition, Plaintiff fails to state a claim against Defendant Kellom concerning his threatening remarks.

Because the Court concludes Plaintiff fails to state a valid excessive force claim against Defendant Kellom, the Court also concludes Plaintiff fails to state a claim against Defendants Brunch and Tillman for failing to stop Defendant Kellom's behavior. Although it is true an official who witnesses excessive force and fails to take reasonable steps to protect the victim may be held liable, Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985), without a valid underlying claim of excessive force, Defendants Brunch and Tillman cannot be held liable for failing to intervene.

  **4. Plaintiff Fails to State a Claim Against Defendants Oliver, Holt, and Shepard Concerning His Housing Assignments**

To the extent Plaintiff complains Defendants Oliver, Holt, and Shepard violated GDC's

9

standard operating procedures by housing Plaintiff in the "worst institutions in Georgia" despite his medical needs, he fails to state a constitutional claim. An allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (*per curiam*) (finding district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by*, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012). Accordingly, Plaintiff fails to state a constitutional claim for Defendants Oliver, Holt, and Shepard's decision to transfer of Plaintiff to TSP in violation of GDC standard operating procedures.

### 5. Plaintiff Fails to State a Claim for Deliberate Indifference to a Serious Medical Need Against Defendant Cheney

To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff

must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim). In particular, the plaintiff must first demonstrate he suffered a "objectively, sufficiently serious" deprivation. Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (*en banc*) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).

After this initial threshold question, the plaintiff must also demonstrate a defendant acted with "subjective recklessness as used in the criminal law" by showing a defendant was "actually, subjectively aware [her] own conduct caused a substantial risk of serious harm to the plaintiff," but even if he knew of that substantial risk, she is not liable under the Eighth Amendment "if he responded reasonably to the risk." Wade, 106 F.4th at 1262 (citing Farmer, 511 U.S. at 839, 844-45). Mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim). In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown

11

v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).

Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010). Furthermore, the Court should not second-guess medical judgments. Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

Plaintiff fails to state a claim against Defendants Cheney. He alleges Defendant Cheney disagrees with Plaintiff concerning Plaintiff's need for round the clock medical care. Such a difference of opinion between Plaintiff and Defendant Cheney, a prison medical official, does not support a claim of deliberate indifference. Smith, 375 F. App'x at 910. Plaintiff further alleges Defendant Cheney has failed to give Plaintiff the medical treatment that he requires and failed to renew Plaintiff's medications. However, Plaintiff provides no facts concerning Defendant Cheney's involvement in Plaintiff's treatment and medication decisions, the type or quality of medical care Defendant Cheney has provided, or what acts or omissions by Defendant Cheney he believes were deliberately indifferent. Such factually devoid allegations will not suffice. Iqbal, 556 U.S. at 678. Moreover, Plaintiff has not alleged Defendant Cheney was "actually, subjectively aware his own conduct caused a substantial risk of serious harm to the plaintiff." Wade, 106 F.4th at 1262. In sum, Plaintiff has not stated a valid deliberate indifference claim against Defendant Cheney.

### 6. Plaintiff Fails to State a Claim for Official Capacity Monetary Damages

Plaintiff sues all Defendants in their official capacities. (Doc. no. 1, p. 1.) However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief fail as a matter of law and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of July, 2025, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA